COMMONWEALTH vs. CHAD PITTMAN. No. 08-P-1853. April 6, 2010. *Controlled Substances. Firearms. Constitutional Law,* Confrontation of witnesses. *Practice, Criminal,* Confrontation of witnesses, Instructions to jury. *Evidence,* Ballistician's certificate.

After a jury trial, the defendant was convicted on charges of (1) possession of a class D substance, marijuana, pursuant to G. L. c. 94C, § 34, and (2) possession of a firearm without a license, pursuant to G. L. c. 269, § 10(*a*). These items were recovered during a routine motor vehicle stop of a car driven by the defendant.

In his brief, the defendant argues that the judge's instructions on the firearms charge were incomplete or confusing. An additional issue, addressed by both counsel in letters pursuant to Mass.R.A.P. 16(*l*), as amended, 386 Mass. 1247

---

(1982), and at oral argument, is whether a new trial is required because of the admission of a ballistics certificate in violation of the defendant's right of confrontation.[1] See *Melendez-Diaz* v. *Massachusetts*, 129 S. Ct. 2527 (2009). We affirm.

1. *Jury instructions.* The defendant contends that the judge did not adequately instruct the jury on the concept of constructive possession as it applied to the charge of possession of a firearm without a license. Because defense counsel raised no objection to the instructions as given, our review is limited to whether, if error, it created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Randolph*, 438 Mass. 290, 294-295 (2002). We evaluate the judge's instructions in the context of the charge as a whole, because "the adequacy of instructions must be determined in light of their over-all impact on the jury." *Commonwealth* v. *Sellon*, 380 Mass. 220, 231-232 (1980).

Here, the judge gave a thorough explanation of constructive possession in connection with the charge of possession of a class D substance. Additionally, he indicated on several occasions that the concept of constructive possession also applied to the other charges against the defendant. He introduced the topic of possession by telling the jury that he was "going to give you this definition of possession as it applies to other offenses in the complaint, as well." Then, when addressing the charge of possessing a firearm without a license, the judge explicitly referenced his previous instructions, stating: "Now I have told you what the definition of possession is and the same definition applies to this offense, as well. . . . As I said, I have told you what possession is." Still later, in conjunction with the charge of receiving a firearm with a defaced serial number (on which the defendant was acquitted), the judge again explained the concept of constructive possession, stating: "[I]t is not enough for the Commonwealth just to prove that the defendant was present in the same place as the firearm. The Commonwealth must also prove that the defendant knew that the firearm was there and that the defendant had both the power and the intent to exercise control over the firearm. It is not necessary for the Commonwealth to prove that the defendant had exclusive control over the firearm."

Considering the charge in its entirety, we discern no substantial risk that the jury misunderstood what was required to be proved to establish the defendant's possession of the firearm.

2. *Ballistics certificate.* At trial, the defendant did not contest that the gun in question was a firearm. The defense was that the gun belonged to his passenger, the defendant's sister's fiancé, and that the defendant simply was trying to protect him. Regardless, absent a stipulation, the Commonwealth was required to prove that the gun was a working firearm as an essential element of its case. *Commonwealth* v. *Vasquez*, 456 Mass. 350, 367-368 (2010). See *Commonwealth* v. *Muniz*, 456 Mass. 166, 173 n.7 (2010).

As in *Muniz*, the specific issue in question is the use of the ballistics certificate to prove that the gun was capable of discharging a shot or bullet. *Id.* at 172. See *Commonwealth* v. *Depina*, 456 Mass. 238, 249 (2010). Although there was no objection here, the applicable standard of review is harmless

---

[1] A certificate of analysis for the marijuana also was admitted in evidence at trial. The defendant has not raised any issue concerning his conviction of possession of marijuana. As no argument has been presented about the drug analysis certificate, we do not consider it.

beyond a reasonable doubt. *Commonwealth* v. *Vasquez, supra* at 360. Because there was overwhelming evidence independent of the ballistics certificate that the gun in question was operable, we conclude that a new trial is not required. *Commonwealth* v. *Depina, supra.*

Without objection from the defendant, the judge admitted, and the jury had before them, the gun (a semiautomatic pistol), the magazine, four live rounds of ammunition, and two additional rounds of ammunition, one of which was a spent round. Officer David Noyes, the arresting officer, who had considerable experience with firearms, including serving as a firearms instructor for the department, testified that the weapon was fully loaded with six rounds in the magazine when he found it, and that, after having been given Miranda warnings, the defendant stated that the gun was his, it was loaded, but there was no more ammunition in the car.

Officer Noyes also testified in detail about the mechanics of firing this type of weapon and the procedures he followed to have it tested by the State police laboratory. He explained that he submitted the weapon and two rounds of ammunition to the laboratory where "they fire off one of those rounds and send us the empty casing back." He explained the difference between a live round and an empty casing and that a spent casing is ejected when the gun has been fired. Of particular importance, he also identified the spent casing introduced in evidence as the one returned to the local police after ballistics testing was performed on the gun. The defendant raised no objection to any of this testimony, nor has he argued on appeal that it should have been excluded.

As in *Commonwealth* v. *Depina, supra*, quite apart from the ballistics certificate, the jury readily could infer from the testimony of the officer that the gun fired when tested. See *id.* at 250. Thus, in this respect the evidence of operability is far stronger in this case than it was in *Commonwealth* v. *Muniz, supra*, and other cases where it has been concluded that the erroneous admission of the certificate was not harmless beyond a reasonable doubt. See *ibid.* (physical evidence of gun; testimony that gun was loaded when found; testimony that gun was sent to State police laboratory for testing); *Commonwealth* v. *Brown*, 75 Mass. App. Ct. 361, 363 (2009) (gun not loaded at time of offense; no evidence that gun ever had been fired); *Commonwealth* v. *Hollister*, 75 Mass. App. Ct. 729, 733 & n.9 (2009) (gun loaded, but no evidence concerning gun's mechanism, and no evidence concerning whether gun had been fired); *Commonwealth* v. *Chery*, 75 Mass. App. Ct. 909, 910 (2009) (certificate sole evidence of operability); *Commonwealth* v. *Rivera, ante* 304, 307 (2010) (physical evidence of gun; testimony that gun was loaded when seized).

Furthermore, in the present case, unlike *Commonwealth* v. *Ware, ante* 53, 57-58 (2009), where it was of particular concern to us that the prosecutor had emphasized the evidentiary importance of the certificate and its status as prima facie evidence, here, the prosecutor made no mention whatsoever in closing argument of the certificate or its import. See *Commonwealth* v. *Madera, ante* 154, 160 (2010). Accordingly, in the circumstances of this case, we "are satisfied beyond a reasonable doubt that the tainted evidence did not have an effect on the jury and did not contribute to the jury's verdicts." *Commonwealth* v. *Tyree*, 455 Mass. 676, 701 (2010).

*Judgments affirmed.*

*Geoffrey DuBosque* for the defendant.

*Kenneth Bresler*, Assistant District Attorney, for the Commonwealth.